UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES PELLERITI,<br><br>Plaintiff,<br><br>v.<br><br>DANA AVILA, et al.,<br><br>Defendants. | No. 2:19-cv-1853 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed October 30, 2019, the undersigned granted plaintiff leave to proceed in forma pauperis and dismissed his original complaint with leave to file a First Amended Complaint that stated cognizable claims for deliberate indifference to his serious medical needs. ECF No. 10. The court informed plaintiff of the legal standards for stating such claims, particularly the requirement that the allegations clearly identify how the defendants *knew* of a substantial risk to plaintiff's health when they failed to provide him with adequate medical treatment. The court emphasized that an Eighth Amendment deliberate indifference claim rests on a defendant's "culpable state of mind," a standard much higher than medical negligence. Id.

Plaintiff timely filed a First Amended Complaint (FAC). ECF No. 14. The undersigned's findings and recommendations filed November 18, 2019, ECF No. 13, were premature and will therefore be vacated.

1

The allegations of the FAC are virtually identical to those in plaintiff's original complaint (except now they are typed). As a result, the allegations of the FAC again fail to reflect the essential elements for stating a cognizable deliberate indifference claim. Plaintiff will be accorded one additional opportunity. To simplify the process, plaintiff will be directed to submit a short Supplement to the FAC. The Supplement must identify specific facts demonstrating that each defendant *knew* that plaintiff's foot and leg symptoms posed a significant risk to his health but disregarded the risk. If the risk was obvious to a defendant, plaintiff must say so and explain why. Plaintiff should not repeat the allegations of the FAC except to show how each defendant *knew* their failure to adequately treat plaintiff's serious medical needs put him at greater risk of complications and injury.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 18, 2019, are vacated.

2. Within thirty (30) days after the filing date of this order, plaintiff shall file a short "Supplement to the FAC" which bears the case number assigned this case. The Supplement shall be no more than five (5) pages in length and shall allege how each named defendant was deliberately indifferent to plaintiff's serious medical needs under Eighth Amendment standards, as set forth above and in the court's October 30, 2019 order.

3. The Clerk of Court is directed to send to plaintiff, together with a copy of this order: (1) a copy of this court's order filed October 30, 2019 (ECF No. 10), and (2) a copy of plaintiff's FAC (ECF No. 14).

4. Failure of plaintiff to timely file the required Supplement will result in a recommendation that this action be dismissed without prejudice.

DATED: December 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE