UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES PELLERITI, | No. 2:19-cv-1853 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| DANA AVILA, et al., | |
| Defendants. | |

Before the court is plaintiff's motion to replace deceased defendant Elvira Longoria with the California Department of Corrections and Rehabilitation ("CDCR"). ECF Nos. 55. The motion has been fully briefed. See ECF Nos. 55-57. For the reasons explained below, the court will vacate its previous order (ECF No. 54) directing plaintiff to identify Longoria's successor in interest and move to substitute that successor or legal representative. Accordingly, the instant motion, which was filed in response to that order, will be stricken. Pursuant to Gilmore v. Lockhard, 936 F.3d 857 (9th Cir. 2019), counsel for defendants will be ordered to file and serve an amended notice of death that identifies Longoria's successor and/or is served on her estate through its legal representative.

In Gilmore, the Ninth Circuit held that the lower court committed reversible error in a prisoner case by requiring the pro se plaintiff to identify the successor in interest of a deceased correctional defendant, and by dismissing the claim against that defendant when plaintiff failed to

1

substitute a proper party within 90 days of the notice of death filed by the Deputy Attorney General.  Gilmore, 936 F.3d at 867.  The court explained that the 90-day substitution window established by Federal Rule of Procedure 25(a)(1) is not triggered when the AG files a notice of death that is not personally served on the successor or personal representative of the estate of the deceased defendant, or one that fails to identify the successor or personal representative.  Id. at 866-867.  The notice of death filed in this case, like that in Gilmore, failed to identify Longoria's successor or representative and was not served on any nonparty representative of the estate.  ECF No. 52.  Accordingly, the undersigned erred in finding that the 90-day time to substitute a successor under Rule 25(a) had begun to run when the notice of death was filed.

      The undersigned also erred in placing the responsibility on plaintiff to identify a proper successor party.  Although it is quite true, as defendants emphasize in their opposition to the motion, that the CDCR cannot be substituted for Longoria because it enjoys Eleventh Amendment immunity and cannot be a defendant on a claim for damages (and in any case, is not Longoria's beneficiary), the undersigned cannot recommend dismissal of a facially viable damages claim merely because the pro se, incarcerated plaintiff is unable to identify the representative of the defendant's estate.  That burden should have been placed on the Deputy Attorney General.  Gilmore, 936 at 866; see also Saddozai v. Arqueza, No. 20-16660, 2022 U.S. App. LEXIS 4473 at *1-2, 2022 WL 501119 at *1 (9th Cir. Feb. 18, 2022) (unpubl.) (district court improperly placed burden on pro se plaintiff prisoner to locate and identify successor or personal representative, contrary to Gilmore).  Counsel for defendants should have brought this authority to the attention of the court.

      Accordingly, IT IS HEREBY ORDERED as follows:

    1. The Order at ECF No. 54 is VACATED;

    2. Plaintiff's motion at ECF No. 55 is STRICKEN;

    3. Defendants shall identify Elvira Longoria's successor in interest or the personal representative of her estate and file and serve a new suggestion of death on that non-party and others, consistent with Gilmore v. Lockhard, 936 F.3d 857 (9th Cir. 2019) and the Federal Rules of Civil Procedure, within thirty days; and

4. The dispositive motions deadline remains vacated, to be reset upon substitution of a proper party for deceased defendant Longoria.

DATED: August 3, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE