UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES PELLERITI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANA AVILA, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-1853 DAD AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 21, 2022, counsel for defendants notified the court that defendant Longoria had died.  ECF No. 52.  The court initially ordered plaintiff to identify Longoria's successor in interest and file a motion for substitution of a proper party within ninety days or it would be recommended that Longoria be dismissed.  ECF No. 54.  Plaintiff then sought to substitute the California Department of Corrections and Rehabilitation (CDCR) for Longoria (ECF No. 55) and that request was stricken because the CDCR is not a proper party (ECF No. 59).  By that same order, the court noted that it had erred in placing the burden of identifying Longoria's successor on plaintiff and ordered defendants to file a new suggestion of death that identified Longoria's successor in interest or the personal representative of her estate.  ECF No. 59 at 2.

////

On September 2, 2022, defendants filed a new suggestion of death that stated counsel had been unable to definitely identify any successor in interest or personal representative of Longoria's estate and detailed her attempts to locate Longoria's successor or representative. ECF No. 61. Counsel was able to determine that the CDCR had Armando Longoria listed as Longoria's emergency contact and spouse, though she was unable to successfully contact Mr. Longoria to confirm that he was still Longoria's spouse at the time of her death. Id. at 2. Counsel then provided Mr. Longoria's business address and stated that she would file the residential address she had located with the court under seal if so directed. Id. The suggestion of death was served on Mr. Longoria in accordance with Federal Rules of Civil Procedure 4 and 25 on September 4, 2022. ECF No. 62. More than ninety days have passed since the suggestion of death was filed and plaintiff has not moved to substitute Mr. Longoria or any other individual as defendant Longoria's successor or representative. The court further notes that plaintiff's most recent notice of change of address reflects that he has been released from prison and therefore no longer faces the same obstacles in identifying Longoria's representative as he did while incarcerated.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Longoria be dismissed from this action. See Fed. R. Civ. P. 25(a)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after service of these findings and recommendations, any written objections may be filed with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE