UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES PELLERITI,<br><br>Plaintiff,<br><br>v.<br><br>DANA DAVILA, et al.,<br><br>Defendants. | No. 2:19-cv-01853-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING DEFENDANT E. LONGORIA<br><br>(Doc. No. 65) |

Plaintiff Jesse James Pelleriti is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 21, 2022, counsel for defendants notified the court that defendant E. Longoria had died on August 17, 2021. (Doc. No. 52.) On September 2, 2022, at the court's direction (Doc. No. 59), defendants filed a new suggestion of death, which stated that defendant's counsel had been unable to identify any successor in interest or personal representative of E. Longoria's estate, detailed the attempts undertaken to do so, and reported that CDCR had Armando Longoria listed as E. Longoria's emergency contact and spouse, but that counsel had been unable to confirm that Mr. Longoria was still E. Longoria's spouse at the time of her death.. (Doc. No. 61.) That suggestion of death was served in accordance with Federal Rules of Civil Procedure 4 and 25 on September 4, 2022. (Doc. No. 62.)

/////

1

On October 10, 2023, the assigned magistrate judge issued findings and recommendations noting that more than ninety days had passed since the new suggestion of death had been filed and served, plaintiff had not moved to substitute Armando Longoria or any other individual as defendant E. Longoria's successor or representative in this action within the required time, and recommending that defendant E. Longoria therefore be dismissed from this action pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. No. 65.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty–one (21) days of service. (*Id.* at 2.) On October 30, 2023, plaintiff filed timely objections to the pending findings and recommendations. (Doc. No. 66.) On November 3, 2023, plaintiff filed nearly identical objections. (Doc. No. 67.) In his objections, plaintiff indicates his desire to continue to pursue his claims brought against defendant Longoria (whom he mistakenly refers to as Armando Longoria throughout his objections) and suggests that defendants stipulate to facts alleged in his complaint as to defendant Longoria. (Doc. Nos. 66, 67.) Plaintiff's objections provide no basis upon which to question the analysis set forth in the pending findings and recommendations.

In accordance with 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (Rule 25(a)(1) requires dismissal of the action against the decedent if a motion for substitution is not made by any party within 90 days after service of the notice, with that deadline being subject to extension under Rule 6(b), including after its expiration, if the party fails to act due to excusable neglect).[1]

Accordingly,

1. The findings and recommendations issued on October 10, 2023 (Doc. No. 65) are adopted in full;

/////

---

[1] Plaintiff has made no suggestion that the second statement of death was not served in the manner required. *See Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019).

2

2. Defendant E. Longoria is dismissed from this action, and the Clerk of the Court is directed to so reflect on the docket; and

3. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 24, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3